UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARENZO C. BROCKINGTON,

Plaintiff,

v.

CAUSE NO.: 3:18-CV-446-JD-MGG

WARDEN LAWSON,

Defendant.

OPINION AND ORDER

LaRenzo C. Brockington, a prisoner without a lawyer, alleges he is being discriminated against because of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

"To establish a violation of Title II of the ADA, the plaintiff must prove that he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by

such an entity, and that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (quotation marks and citation omitted). Here, Brockington alleges he is confined "in the medical unit because of a broken leg from a gunshot. I am not afforded the privileges as general population . . . I can't buy food, I can't have dayroom time, I can't have my cloths washed, I can't use the phone but three times a week and . . . no television." ECF 1 at 3. These allegations state a claim for a violation of the ADA by Warden Lawson in her official capacity. Brockington also alleges these same facts state a claim for a violation of the Fourteenth Amendment and other constitutional provisions. Though it is unclear whether that is true, "[a]s a practical matter, [he] can have but one recovery. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Therefore even if these facts could also state additional constitutional claims, this case "gains nothing by attracting additional constitutional labels." *Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005).

For these reasons, the court:

(1) GRANTS LaRenzo C. Brockington leave to proceed against Warden Lawson in her official capacity for compensatory damages and injunctive relief for denying him access to commissary, the dayroom, laundry services, telephone, and television because of his disability in violation of the Americans with Disabilities Act;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process at the St. Joseph County Jail on Warden Lawson with a copy of this order and the complaint (DE 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Lawson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 13, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT